[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 10, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-11998

_____

D. C. Docket No. 00-00797-CV-ODE-1

ANDREW J. WAGNER,

Plaintiff-Appellant,

versus

DAEWOO HEAVY INDUSTRIES AMERICA CORPORATION,
JACK MOSLER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 10, 2002)**

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Andrew J. Wagner appealed the district court's dismissal of his case

pursuant to Federal Rule of Civil Procedure 12(b)(6). He asserted that the district

court erred in finding that he failed to state a claim upon which relief could be granted. After hearing oral argument, a panel of this Court vacated the district court's dismissal of Wagner's case. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1275 (11th Cir.) (per curiam), *vacated*, 298 F.3d 1228 (11th Cir. 2002) (per curiam). Relying upon *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991) (per curiam), the panel held that the district court should not have dismissed Wagner's case without providing him an opportunity to amend his complaint. *Wagner*, 289 F.3d at 1273. We subsequently vacated the panel's opinion and ordered that the case be reheard en banc. *Wagner*, 298 F.3d at 1228. We thus address en banc whether a district court is required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court. In so doing, we overrule *Bank* and substitute the following rule: A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.[1] We, however, conclude that this rule will be applied prospectively.

_____

[1]In this opinion, we decide and intimate nothing about a party proceeding pro se.

I.

The allegations in the complaint are discussed in, and a copy of the complaint is set forth in, the panel's opinion. *See Wagner*, 289 F.3d at 1270–73, 1277–83. After hearing oral argument, the panel concluded that the complaint failed to state a claim upon which relief could be granted and that it was not obvious that a more carefully drafted complaint would fail to state a claim. *Id.* at 1271, 1274. We agree.

II.

In this en banc opinion, we address whether this case should be remanded to the district court with instructions to permit the plaintiff to amend his complaint. Under *Bank*, we would answer that question in the affirmative. 928 F.2d at 1112 ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). We, however, have determined that the *Bank* rule should no longer be followed. As a result, we overrule *Bank* and substitute the following rule: A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.

3

This new rule is more efficient and in line with the critically important concept of finality in our judicial system.  *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 112 (1st Cir. 1991) ("Finality is a critically important concept in our system of jurisprudence.  At some point, battles must end" (internal quotation marks omitted).); *see Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (noting that interlocutory appeals "are generally disfavored" because "[p]iecemeal appellate review has a deleterious effect on judicial administration").  It also is in line with the general rule of this Circuit that issues not raised before the district court will not be considered on appeal.  *See Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1342 (11th Cir. 2001).  In addition, it satisfies the apparent purpose of the Federal Rules of Civil Procedure, which is "to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.

Under the *Bank* rule, a plaintiff could sit idly by as he awaited the district court's determination with respect to a Rule 12(b)(6) motion to dismiss; he need not seek leave to amend his complaint nor amend it as of right,[2] because he would

---

[2]Federal Rule of Civil Procedure 15 sets forth the standards for amendments. It provides,

> A party may amend the party's pleading *once as a matter of course* at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at

have "two bites at the apple" on appeal. *See, e.g., Bank*, 928 F.2d at 1113. As in this case, the plaintiff could appeal the adverse ruling of the district court as long as it was a final judgment. *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir. 1991) (per curiam) (discussing when an order dismissing a complaint is final and appealable). If we reversed the district court, the plaintiff's appeal was successful. His appeal, however, also was successful if we affirmed the district court, because we would then remand the case to the district court and instruct the court to permit the plaintiff to amend his complaint.[3] *See, e.g., Bank*, 928 F.2d at 1113. Consequently, the plaintiff reaped several benefits without taking any risks by appealing the dismissal without seeking leave to amend before the district court.

---

> any time within 20 days after it is served. Otherwise a party may amend the party's pleading *only by leave of court or by written consent of the adverse party*; and leave shall be freely given *when justice so requires*.

Fed. R. Civ. P. 15(a) (emphasis added).

[3]Our remand of these cases was based upon the possibility that the plaintiff could allege a set of facts to support his claim. In fact, it did not matter whether the plaintiff provided the district court or this Court with the additional facts that would make the complaint sufficient. *See, e.g., Bank*, 928 F.2d at 1113 n.8 (noting that we would not consider the proposed amendments submitted by the plaintiffs because we were not granting leave to amend). The mere chance that a plaintiff could assert a set of facts to support a cause of action does not outweigh the burdens that these appeals have placed upon defendants and the courts.

Our system thus turned these appeals into interlocutory appeals, because no matter what our ruling was, the district court would have to entertain further proceedings.[4]  This added great trouble, time, and expense for defendants and the courts.  *Bush*, 221 F.3d at 1276 (noting that such appeals "are inherently disruptive, time-consuming, and expensive" and are therefore disfavored (internal quotation marks omitted)).  As we have noted,

> [p]iecemeal appellate review has a deleterious effect on judicial administration.  It increases the workload of the appellate courts, to the detriment of litigants and judges. . . .  [I]t creates opportunities for abuse by litigants seeking to delay resolution of a case by raising with the appellate court objections to the scope of an order that should have been raised first with the district court itself.

*Id.*

We avoid this costly, additional litigation by following the rule we announce today.  In adopting this rule, we bring our Circuit in line with the majority of our sister circuits.  *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir. 1998); *Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 144 (D.C. Cir. 1994); *Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994); *Domino Sugar Corp. v.*

---

[4]Not only would there be further litigation before the district court, there would be further litigation before this Court.  After a case was remanded and the complaint was amended, the district court likely would consider the sufficiency of the complaint again.  Should the district court decide that the complaint still failed to state a claim upon which relief could be granted, the plaintiff likely would appeal that determination to this Court.

6

*Sugar Workers Local Union 392 of the United Food & Commercial Workers Int'l Union*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041–42 (6th Cir. 1991); *Royal Bus. Group, Inc. v. Realist, Inc.*, 933 F.2d 1056, 1066 (1st Cir. 1991); *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989); *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 662 (7th Cir. 1978). *But see Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted).); *Dist. Council 47, Am. Fed'n of State, County, & Mun. Employees v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986) (noting that "this court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint" (internal quotation marks omitted)).

## III.

As we have established a new rule, we now must address the application of that rule. We can apply our new rule retroactively or prospectively. *See James B.*

7

*Beam Distilling Co. v. Georgia*, 501 U.S. 529, 535–37 (1991); *see also McKinney v. Pate*, 20 F.3d 1550, 1565 (11th Cir. 1994) (en banc).

Generally, new rules of law are applied retroactively as well as prospectively. *Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge No. 1688 v. Allied Prods. Corp.*, 786 F.2d 1561, 1564 (11th Cir. 1986). The general rule, however, "is just that: a general presumption that is subject to rebuttal." *McKinney*, 20 F.3d at 1566. Thus, we have noted that a new rule of law may be applied prospectively if the following conditions are met:

> 1) the decision adopting the rule does so either by overruling clear past precedent or by deciding an issue of first impression the resolution of which was not clearly foreshadowed; and
> 2) the application of the old rule in the instant case [does] not contravene the purpose and operation of the provision being interpreted; and
> 3) application of the new rule in the instant case [would] be inequitable.

*Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1282 (11th Cir. 2001) (alterations in original) (internal quotation marks omitted); *see also McKinney*, 20 F.3d at 1565.

The first and third conditions are satisfied easily in this case. The first condition is satisfied, because this case clearly is one in which we are "overruling clear past precedent." The rule set forth in *Bank* provided the plaintiff with "two bites at the apple." The plaintiff could appeal a Rule 12(b)(6) dismissal, hoping

that the complaint would be deemed sufficient on appeal; if it was not deemed sufficient, the plaintiff's case likely would be remanded to the district court with instructions to permit the plaintiff to amend. *See Bank*, 928 F.2d at 1113. The rule of law we set forth today clearly contravenes the old rule. We now have decided that a district court is not required to grant a plaintiff who is represented by counsel leave to amend his complaint sua sponte. Thus, we are no longer required to remand to the district court with instructions to permit the plaintiff to amend when he never filed a motion to amend nor requested leave to amend before the district court.

In addition, the third condition is satisfied, because it would be inequitable to apply the new rule to this case and to other cases now on appeal. *See McKinney*, 20 F.3d at 1566 & n.23 (noting that retroactive application would be inequitable to the plaintiff and "would also produce inequities – for defendants in other pending cases"). Wagner and other plaintiffs likely relied upon *Bank* in determining whether to seek leave to amend before the district court or to appeal the dismissal.[5]

---

[5]At oral argument, Wagner's attorney stated that he relied upon the rule set forth in *Bank* when he brought this appeal. In addition, Wagner requested leave to amend his complaint pursuant to *Bank* in his initial brief before the panel. Br. of Appellant at 24–25. Were we to apply our new rule retroactively, we would strip Wagner of the opportunity to have his case heard on the merits. Prospective application avoids any inequity to him.

It would be inequitable to punish those parties for following the clearly established precedent of this Circuit.

It is the second condition that gives us some pause. The apparent purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. As we noted above, our new rule follows that purpose, for it is designed to secure efficiency and to reduce costly, additional litigation. We, however, also note that the purpose of allowing amendments is to resolve litigation on the merits, and decisions based upon the merits generally are favored under the Rules. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962). As Wagner followed our precedent in appealing his case rather than seeking to amend before the district court, the retroactive application of this rule would strip him of the opportunity to have his case heard on the merits. As a result, it seems consistent with the purpose of the Federal Rules of Civil Procedure to decline to apply our new rule in this case.

Thus, as the conditions of *Kirkland* are satisfied, this rule will be applied prospectively; it applies only to cases in which the notice of appeal was filed after the date of this decision.

CONCLUSION

10

Thus, we VACATE the district court's dismissal of Wagner's complaint and REMAND this case to the district court with instructions to grant Wagner leave to amend his complaint.