[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14671
Non-Argument Calendar

_____

D. C. Docket No. 03-20626-CV-ASG

PABLO CRUZ,

 Plaintiff-Appellant,

versus

MANUEL ALADRO, Captain,

 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges

PER CURIAM:

Pablo Cruz, a pro se prisoner proceeding in forma pauperis, appeals the

district court's order dismissing his 42 U.S.C. § 1983 action for failure to state a

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the court's order denying his Fed.R.Civ.P. 59(e) motion for reconsideration of the dismissal order.

Cruz filed a § 1983 action alleging that Miami-Dade County's deduction of a $2 subsistence fee from his prison account, while he was in the county jail, violated his First, Fifth, and Fourteenth Amendment rights. The magistrate judge recommended that the case be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), essentially because Cruz could not use § 1983 to challenge state law violations and Cruz was not alleging that the state law itself was unconstitutional.

In Cruz's objections to the magistrate judge's Report and Recommendations, he argued that the magistrate judge erred because: (1) he alleged a constitutional violation as his complaint alleged violations of his First, Fifth, and Fourteenth Amendment rights; (2) state officials violated his Fourteenth Amendment rights by not following state laws and regulations; (3) the state law required that anyone with a U.S. Marshal hold be exempt from the $2 fee; and (4) he tried to use the grievance procedure, but prison officials did not respond to his grievances, which violated his Fourteenth Amendment rights. In a motion to amend the memorandum of law in support of the § 1983 complaint, Cruz also argued that the magistrate judge erred by determining that the district court did not have

jurisdiction over the plaintiff. In adopting the magistrate's recommendation, the district court agreed with the magistrate judge that Cruz was not challenging the constitutionality of the state regulation but merely challenging the application of the state law to him, which was not a cognizable claim under § 1983.

Having reviewed the record, we find no error in any of the district court's rulings resulting in the dismissal of the complaint in this case. We also conclude that the district court did not err in dismissing the complaint without granting leave to amend because Cruz never filed a motion to amend his complaint. Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Finally, we find no abuse of discretion in the district court's denial of Cruz's Fed.R.Civ.P. 59(e) motion for reconsideration. "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued. Denial of a motion for reconsideration is especially sound[] when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." See Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001) (citations and internal quotation marks omitted).

**AFFIRMED.**