TJOFLAT, Circuit Judge,
dissenting:
Although the majority is correct in holding that Watts must allege the impermissible burden of a “sincerely held religious belief,” Frazee v. Illinois Dep’t of Employment Sec., 489 U.S. 829, 834, 109 S.Ct. 1514, 1518, 103 L.Ed.2d 914 (1989), in determining that Watts pleaded a valid free exercise claim, the majority conflates what are two distinct analyses under the First Amendment. As I set forth below, free exercise jurisprudence requires that a plaintiff plead both sincerity and the religious character of the plaintiffs belief. Because I conclude that Watts failed to plead sufficient facts supporting the religious character of the belief for which he seeks First Amendment protection, I respectfully dissent.
While a plaintiff seeking free exercise protection under the First Amendment must allege a sincerely held belief, sincerity alone is not enough — the belief must also be religious. See, e.g., Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531, 113 S.Ct. 2217, 2225, 124 L.Ed.2d 472 (1993); Benning v. Georgia, 391 F.3d 1299, 1313 (11th Cir.2004). Federal case law is replete with examples of courts articulating the threshold free exercise requirements as a two-part analysis. See, e.g., Lukumi, 508 U.S. at 531, 113 S.Ct. at 2226-27 (noting that the Court “must consider” the plaintiffs’ free exercise claim because no question existed as to the plaintiffs’ sincerity and the practice of animal sacrifice was a religious belief); United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 863, 13 L.Ed.2d 733 (1965) (describing a court’s responsibility as deciding whether a plaintiffs beliefs are “sincerely held” and religious) (citing United States v. Ballard, 322 U.S. 78, 86, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944)); Benning v. Georgia, 391 F.3d 1299, 1313 (11th Cir.2004) (“[T]he First Amendment ... requires [a court] to determine whether the asserted belief ... is religious and sincerely held.”); Martinelli v. Dugger, 817 F.2d 1499, 1504 (11th Cir.1987) (“A claimant meets this initial burden, therefore, if he or she proves that the beliefs are truly held and religious in nature.”); Sutton v. Rasheed, 323 F.3d 236, 251 (3d Cir.2003) (“Only beliefs which are both sincerely held and religious in nature are protected under the First Amendment.” (internal quotation marks omitted)); Wiggins v. Sargent, 753 F.2d 663, 666 (8th Cir.1985) (“[O]nly sincerely held beliefs which are ‘rooted in religion’ are protected by the free exercise clause.” (quoting *1302 Thomas v. Review Bd. of the Indiana Employment Security Division, 450 U.S. 707, 713, 101 S.Ct. 1425, 1429, 67 L.Ed.2d 624 (1981))); Patrick v. LeFevre, 745 F.2d 153, 157 (2d Cir.1984) (“This two-pronged command expressly delineates the contours of our inquiry — beliefs must be sincerely held and religious in nature to be accorded first amendment protection.”) (footnote omitted); Callahan v. Woods, 658 F.2d 679, 683 (9th Cir.1981) (noting “two basic criteria” for free exercise protection: (1) that the proffered belief be “sincerely held” and (2) that the claim be rooted in religious belief and not secular concerns). In other words, in order for Watts to plead a proper free exercise claim, his complaint must not only allege sincerity of belief but also the religious character of that belief.
As the majority notes, the Supreme Court recently articulated the pleading standard applicable in the Rule 12(b)(6) context in Bell Atlantic Corp. v. Twombly, — U.S. -, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Under the current pleading regime, a plaintiff must provide more than conclusory grounds for relief. See id. at 1964-65 (“[A] plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels or conclusions .... ” (internal quotation marks omitted)). Any “formulaic recitation of the elements of a cause of action” will not pass 12(b)(6) muster. Id. at 1965. For our purposes, then, in order to survive a motion to dismiss, Watts must allege facts pertaining to both his sincerity and the religious character of his belief that are sufficient to raise his right to relief “above the speculative level.” Id. These alleged facts, of course, are viewed in the light most favorable to Watts. M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir.2006).
My dissent from the majority’s determination that Watts pleaded facts sufficient for a free exercise claim arises not so much from what was said, but rather, what was left unsaid. To the extent that the majority finds that Watts alleged facts that render it plausible that he acted on the basis of a sincere belief, I have no quibble. At the pleading stage, the sincerity requirement for a valid free exercise claim is a subjective question best left for the broader and closer scrutiny possible in later proceedings. See Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955) (describing the sincerity analysis in conscientious objector cases as “purely a subjective question”). Because the question of whether a plaintiff alleges a sincere belief is subjective — i.e., we assess sincerity with reference to the individual plaintiffs state of mind — absent the unlikely event of contravening facts in the complaint itself, viewing the facts alleged in the light most favorable to the plaintiff, the plaintiff will normally survive 12(b)(6) dismissal regarding the sincerity prong. The subjectivity of the sincerity question allows a plaintiff to survive a motion to dismiss simply by avowing that the given belief is sincere. There are no other facts that Watts need allege to support a plausible claim of his sincerity under Twombly. See Twombly, 127 S.Ct. at 1965.
Although the subjectivity latent in the sincerity analysis may confer a wider ambit of protection from 12(b)(6) dismissal, the same cannot be said for the analysis of the religious character of a plaintiffs beliefs. Unlike the assessment of a plaintiffs sincerity, a court’s assessment of whether a plaintiff alleged facts sufficient to support a claimed religious belief is an objective question. That is, once we agree that Watts properly alleged a sincere belief, we must ask whether a reasonable person would deem his professed belief a religious belief. Confronted by the complaint before us, that assessment requires *1303 us to ask whether a reasonable person[1] would accept, without more, that “the belief that a patient who professes a religion is entitled to be informed if the counselor is aware of a religious avenue within the patient’s religion that will meet the appropriate therapy protocol for the patient” is a religious belief, rather than a philosophical or professional belief. I dissent because I do not believe that Watts alleged sufficient facts under Twombly to state a religious belief.
Maintaining that a valid free exercise claim must involve a religious belief may seem an exercise in stating the obvious— but on the facts before us, to ignore the requirement that the plaintiffs belief be religious in character would be to set aside the precise reason for which I would affirm the district court’s dismissal of Watts’s claim. Determining what constitutes a “religious” belief is, admittedly, a delicate process. Despite that difficulty, as the Supreme Court stated in Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972), “the very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests.” Id. at 215-16, 92 S.Ct. at 1533. It is necessary, then, to maintain the analysis of whether a plaintiff properly pleaded a religious belief alongside a separate analysis of the plaintiffs sincerity. Sincerity is not a euphemism for religious ardor. If that were the case, any sincere act is sacrosanct — and potentially subject to constitutional protection. To interpret the First Amendment in such a fashion would stretch the scope of free exercise claims to an untenable degree.
In maintaining the necessity of following the distinct components of the constitutional test for a valid free exercise claim — a subjective inquiry as to the plaintiffs sincerity and an objective[2] inquiry as to whether the belief is religious in character — I want to be clear as to what I am not maintaining as our free exercise jurisprudence. I am not suggesting an objective inquiry into the verity or validity of a plaintiffs purported religious belief; such speculation has been uniformly rejected. See, e.g., Thomas, 450 U.S. at 714, 101 S.Ct. at 1430 (“[T]he resolution of [what constitutes a religious belief] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection.”); Ballard, 322 U.S. at 87, 64 S.Ct. at 887 (“The religious views espoused by [the *1304 plaintiffs] might seem incredible, if not preposterous, to most people. But if those doctrines are subject to trial before a jury charged with finding their truth or falsity, then the same can be done with the religious beliefs of any sect.”); Cooper v. Gen. Dynamics, 533 F.2d 163, 166 n. 4 (5th Cir.1976) (noting that federal courts are “powerless ... to evaluate the logic or validity of beliefs found religious and sincerely held”);[3] Patrick, 745 F.2d at 157 (“It cannot be gainsaid that the judiciary is singularly ill-equipped to sit in judgment on the verity of an adherent’s religious beliefs”). There is a distinct difference, however, between questioning the veracity or reasonableness of a claim and questioning whether the belief is objectively “religious.” The latter is a foundational component of determining whether a plaintiff has pleaded a First Amendment free exercise claim. See Yoder, 406 U.S. at 216, 92 S.Ct. at 1533 (declaring that if the Amish plaintiffs asserted their claims due to their rejection of “contemporary secular values,” such claims would rest on a basis that was “philosophical and personal rather than religious,” and would “not rise to the demands of the Religion Clauses”). It cannot be the case that plaintiffs may go to trial on a free exercise claim merely by pronouncing that they possess a “sincere and religious belief’ related to an act for which they seek First Amendment protection.
What, then, must a plaintiff plead with regard to the religious character of a belief in order to survive a 12(b)(6) motion to dismiss? Although no bright-line rule can exist, free exercise case law offers some insight. The Third Circuit, in Africa v. Pennsylvania, 662 F.2d 1025 (3d Cir.1981), suggested three “useful indicia” as to what might characterize a religious belief: (1) an engagement with “fundamental and ultimate questions having to do with deep and imponderable matters”; (2) existence as a component of a “belief-system as opposed to an isolated teaching”; and (3) the possible presence of “certain formal and external signs.” Africa, 662 F.2d 1025, 1032 (3d Cir.1981) (citing Malnak v. Yogi, 592 F.2d 197, 207-10 (3d Cir.1979)). Although these “indicia” certainly do not represent an exhaustive list of features defining a religious belief, “it is important to have some objective guidelines in order to avoid Ad hoc justice.” Malnak, 592 F.2d at 210 (emphasis added).
On close questions, determining whether a plaintiff has pleaded a religious belief will undoubtedly require a nuanced consideration of the complaint. Naturally, not every complaint setting forth a free exercise claim will require a particularly searching analysis. For example, a Mormon plaintiff seeking protection for actions related to a belief that individuals ought to be baptized posthumously may not need to plead much more than a statement of that belief — baptism is a well-known theological sacrament. Cf. Frazee, 489 U.S. at 834, 109 S.Ct. at 1517-18 (concluding that the plaintiffs refusal to work on Sunday was due to a religious belief although he was not a member of a particular religious sect).
Other proffered beliefs, however, may present a more tenuous case as to their religious character. Where a plaintiff alleges a belief that seems to be “far more the product of a secular philosophy than of a religious orientation,” or where the motivating concerns appear to be personal or social, rather than “spiritual or otherworldly,” a free exercise claim cannot go forward. Africa, 662 F.2d at 1033-34 (ar *1305 guing that if the plaintiffs concern that he be given a raw food diet was considered “religious,” the First Amendment might need to protect a “host of individuals and organizations who espouse personal and secular ideologies”). Furthermore, although affiliation with a specific religious denomination or institution greatly simplifies the question of whether a particular belief is religious, lack of such membership is not dispositive. Frazee, 489 U.S. at 834, 109 S.Ct. at 1517-18 (“[W]e reject the notion that to claim the protection of the Free Exercise Clause, one must be responding to the commands of a particular religious organization.”). That said, however, with closer questions — such as those that are outside recognized religious denominations or fail to point toward known theological tenets — a plaintiff, in order to raise plausible grounds for a free exercise claim, must allege more facts to support that claim.
Turning now to the complaint before us, I cannot say that Watts’s belief that the Catholic patient he encountered in the spring of 1997 was entitled to hear “church” among bereavement support group options constitutes a religious belief. It may very well be the case that Watts is religious; it may very well be that he often acts upon particular religious beliefs. Membership in a given religious tradition, however, does not automatically grant the adherents of that religion First Amendment protection. The particular belief Watts alleges must also be religious in character — but his complaint seems to allege a belief similar to those that could have been taken from the pages of a professional patient advocacy journal.
The only reference Watts makes to the religious character of his belief is the con-clusory statement that his “religious beliefs include the belief that a patient who professes a religion is entitled to be informed if the counselor is aware of a religious avenue within the patient’s religion that will meet the appropriate therapy protocol for the patient.” This bare assertion would fail even under a broad notice pleading standard, which we have declared is not so liberal as to encompass “wholly conclusory allegations.” Jackson v. Bell-South Telecomms., 372 F.3d 1250, 1272 (11th Cir.2004) (quoting Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1273 (11th Cir.2002) (vacated on other grounds)). That being the case, a single statement assigning religious motivation to the belief that a patient ought to be informed of an “appropriate therapy protocol” compatible with the patient’s religion is clearly insufficient to constitute a viable free exercise claim under Twombly. The complaint, indeed, later states that “Mr. Watts was terminated from the Practicum because of private religious speech that was consistent with his training.” The nominal attachment of religious belief onto an otherwise secular and professional decision (i.e., the decision to inform a patient of a religious avenue for bereavement counseling) does not issue a carte blanche for free exercise protection.
In conclusion, I would find no error in the district court’s dismissal of the free exercise claim in this case. Although our limited window into the facts suggests that the decision to terminate Watts may have been disproportionate, the federal courts can provide no remedy for the claims presented, and I would affirm the district court.

. I am in full agreement with the majority's contention that Watts need not plead now, or present later, objective evidence that "his belief is of the type that a judge would generally consider to be religious in nature.” Presiding judges do not import their own perspectives onto an analysis of a plaintiff's free exercise pleadings.

. A handful of courts have cited to language in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), suggesting that the task of a court faced with a free exercise claim is to determine whether the beliefs are, in the claimant’s "own scheme of things,” religious. Id. at 185, 85 S.Ct. at 863; see, e.g., Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir.2002); Africa v. Pennsylvania, 662 F.2d 1025, 1030 (3d Cir.1981) ("A court's task is to decide whether the beliefs avowed are: (1) sincerely held, and (2) religious in nature, in the claimant's scheme of things.”). The focus of the Seeger Court, however, was not the preclusion of any objective weighing of whether a belief was religious, but rather, an attempt to harness any extrajudicial weighing of the qualitative worth of any given religion. See Seeger, 380 U.S. at 184-85, 85 S.Ct. at 863 ("Men may believe what they cannot prove. They may not be put to the proof of their religious doctrines or beliefs. Religious experiences which are as real as life to some may be incomprehensible to others.” (quoting United States v. Ballard, 322 U.S. 78, 86j, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944))).

. This circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981).