[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13350
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21120-KMM,
Bkcy No. 13-bkc-01740-LMI

In re:

DONALD ALAN TOBKIN,

Debtor.

_____

DONALD ALAN TOBKIN,

Plaintiff-Appellant,

versus

FREDERICK FRANCIS RUDZIK,
TYMEKA SCOTT,
BARBARA MACKEY,
FLORIDA DEPARTMENT OF REVENUE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 23, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Tobkin appeals the district court's dismissal of his amended complaint, which alleged that Frederick Rudzik, Tymeka Scott, Barbara Mackey, and the State of Florida Department of Revenue violated his constitutional rights and various state laws by filing proofs of claim against him in his bankruptcy proceedings.

After Tobkin filed for bankruptcy, the defendants filed proofs of claim relating to his domestic support obligations. Tobkin filed a pro se complaint in the bankruptcy court asserting that the proofs of claim were "false, falsified, forged, unlawful, exaggerated, invalid, void, and/or unenforceable" because Scott filed an arrearage affidavit in which she impersonated a Deputy Clerk of Florida's Ninth Judicial Circuit, and the other defendants knew or should have known that when they relied on that affidavit. The district court concluded that Tobkin's complaint alleged claims arising under 42 U.S.C. § 1983, withdrew the reference to the bankruptcy court, and ordered Tobkin to refile his complaint in the district court.

Tobkin filed an amended complaint reiterating his claims. After the defendants moved to dismiss and Tobkin responded to that motion, John Ostrow entered an appearance as Tobkin's attorney. The parties then filed a joint scheduling report, which stated that there was no need to amend the pleadings "at this time." Soon after, the district court granted the defendants' motion to dismiss, finding that Tobkin's complaint was "bereft of any facts necessary to state a claim for relief that is plausible on its face, [and] full of conclusory, unfounded, and borderline unintelligible allegations."

We review de novo a district court's dismissal for failure to state a claim, viewing the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). Facial plausibility means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that

3

such a deprivation occurred under color of state law." Arrington v. Cobb Cty., 139 F.3d 865, 872 (11th Cir. 1998).

Tobkin's amended complaint was entirely devoid of factual allegations that give rise to a cognizable claim under § 1983.  His only factual allegations were that Scott impersonated a state court's deputy clerk and that the other defendants knew it.  He failed to specify any "right secured under the Constitution or federal law" that their actions violated.  Arrington, 139 F.3d at 872.  To the extent that Tobkin now argues that the district court erred by failing to grant him leave to amend his complaint, that argument is a nonstarter.  "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Not only did Tobkin's attorney fail to request leave to amend, he indicated in the joint scheduling report that he did not need to amend the pleadings.  The district court did not err in dismissing Tobkin's amended complaint.

**AFFIRMED.**

4