[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12321
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-00562-JSM-AAS

CRAIG LEAKS,
a.k.a. Craig Leeks,

Plaintiff-Appellant,

versus

GEOPOINT SURVEYING, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 2, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LAGOA, Circuit
Judges.

PER CURIAM:

Craig Leeks appeals the summary judgment in favor of his former employer, GeoPoint Surveying, Inc., and against his complaint of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. Leeks complained that GeoPoint fired him in retaliation for reporting that his coworkers harassed him based on his race. Leeks challenges a magistrate judge's orders that denied his motion for sanctions and that granted in part a motion to compel discovery, but we lack jurisdiction to review those decisions. Leeks also argues, for the first time, that the district court should have allowed him to amend his complaint. But Leeks does not dispute the ruling that his complaint of retaliation failed as a matter of law. We dismiss in part and affirm in part.

We lack jurisdiction to review the magistrate judge's orders. "The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)). Leeks never sought to have the district court review the magistrate judge's decision to grant in part the third motion of GeoPoint to compel discovery. *See Renfro*, 620 F.2d at 500 (dismissing challenge to magistrate judge's denial of a discovery motion that defendant did not appeal to the district court); Fed. R. Crim. P. 59(a) (providing a defendant must serve and file objections to a magistrate judge's ruling on a non-dispositive matter within 14 days, or he waives any right to review). And

2

because the district court entered summary judgment in favor of GeoPoint before the magistrate judge denied Leeks's motion for sanctions, the later ruling by the magistrate judge did not merge into the final judgment and is not reviewable on appeal of that judgment. *See Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989) ("[S]ince only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment."). Because we cannot review the magistrate judge's orders, we dismiss that part of Leeks's appeal for lack of jurisdiction.

Leeks argues that the district court erred by failing *sua sponte* to grant him leave to amend his complaint, but the "district court [was] not required to grant [him] leave to amend his complaint *sua sponte* when [his attorney] . . . never filed a motion to amend nor requested leave to amend before the district court." *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Federal Rule of Civil Procedure 15 provides that, after a defendant files its responsive pleading, a plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). We cannot fault the district court for failing to allow Leeks to amend his complaint when he never requested to do so.

Leeks has abandoned any argument he could have made against the judgment that his complaint of retaliation failed as a matter of law. A party

3

abandons an issue by failing to brief it on appeal or by using it as "mere background to [his] main arguments . . . ." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014). Leeks argues that the district court should have used the definition of "reprisal" in Section 8(a) of the National Labor Relation Act of 1935 to interpret the meaning of "retaliation" in Title VII. But he does not contest the ruling that his complaint of retaliation failed because he "did not experience an adverse employment action" when he quit by walking out of an employment meeting and because "the record [was] undisputed that GeoPoint had legitimate, non-discriminatory reasons" for firing him for his "consistently poor" work, negative attitude, and frequent insubordination. As a result, "it follows that the [summary] judgment [in favor of GeoPoint] is due to be affirmed." *Sapuppo*, 739 F.3d at 680.

**DISMISSED IN PART, AFFIRMED IN PART.**