[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11548
Non-Argument Calendar

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 7, 2005**
**THOMAS  K. KAHN**
**CLERK**

D.C. Docket No. 05-00023-CV-3-MCR-EMT

LAWRENCE L. BLANKENSHIP,

                                            Plaintiff-Appellant,

    versus

STEPHEN CLAUS,

                                            Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(September 7, 2005)**

Before ANDERSON, CARNES and WILSON, Circuit Judges

PER CURIAM:

    Lawrence L. Blankenship, proceeding pro se, appeals the district court's

order dismissing his complaint for lack of subject matter jurisdiction.  We affirm.

**I.**

On January 7, 2005, Blankenship sent a written request to Stephen Claus, protective investigator for the Florida Department of Children and Families, for reports and records pertaining to the potential abuse, neglect, or exploitation of the late Erskin D. Blankenship, Sr. by the staff at a Pensacola health care facility. DCF, which denied Blankenship's request, replied that Florida law prohibited the release of Earnest Blankenship, Sr.'s records. See Fla. Stat. § 415.107(1) (providing that "all records concerning reports of abuse, neglect, and exploitation of [a] vulnerable adult, including reports made to the central abuse hotline, and all records generated as a result of such reports shall be confidential . . . and may not be disclosed except as specifically authorized").

After DCF denied him access to the records, Blankenship sued Claus in federal district court in Pensacola. Blankenship sought a court order authorizing him to inspect and copy DCF's records on Blankenship, Sr. In his complaint, Blankenship contended that the district court's jurisdiction arose from 28 U.S.C. § 1331 because his claim was based upon the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552. He also alleged that the amount in controversy exceeded $10,000. The district court dismissed the complaint for lack of subject matter jurisdiction.

Blankenship contends that the district court erred.  He argues that the court should have <u>sua sponte</u> granted him leave to amend his complaint.

## II.

We review <u>de novo</u> the district court's dismissal of a complaint for lack of subject matter jurisdiction.  <u>Samco Global Arms, Inc. v. Arita</u>, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005).  There are two bases of federal court subject matter jurisdiction.  One, diversity jurisdiction, exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  The other, federal question jurisdiction, applies to "all civil actions arising under the Constitution, laws, or treaties of the United States."  <u>Id.</u> § 1331.

Diversity jurisdiction does not exist in this case because Blankenship conceded that all of the parties are citizens of Florida.  In addition, he did not allege that  the amount in controversy exceeded $75,000.

The district court also lacked federal question jurisdiction because Blankenship's FOIA claim does not arise under the Constitution, laws, or treaties of the United States as required by 28 U.S.C. § 1331.  Asserting his rights under the FOIA, Blankenship sued an agency of the state of Florida.  The FOIA, however, exempts state agencies from its coverage.  Under the FOIA, "'agency'

3

means each authority of the Government of the United States" but expressly excludes the authorities of the states. See 5 U.S.C. § 551(1)(c). Because Blankenship sought the records from a state authority, the FOIA could not apply. Accordingly, the district court properly dismissed Blankenship's complaint for lack of subject matter jurisdiction.

Blankenship's argument that the district court should have sua sponte granted him leave to amend his complaint fails because an amendment would have proven futile.

In Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc), we held that a district court was not required sua sponte to grant a counseled party leave to amend his complaint when no motion to amend was filed. But, we specifically stated that the Wagner opinion "decide[d] and intimate[d] nothing about a party proceeding pro se." Id. at 542 n.1. We have emphasized that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Even liberal construction, however, cannot invent federal jurisdiction for Blankenship's claims. Because Blankenship seeks information from an agency of the state of Florida, no amendment will create diversity jurisdiction, and nothing

4

will confer federal question jurisdiction under the FOIA.  In his appellate brief, Blankenship mentions no other federal statute that would grant him access to the requested information.  Thus, any amendment would be futile.  See Hall v. United Ins. Co. of America, 367 F.3d 1255, 1262 (11th Cir. 2004) (holding that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal").  As a result, the district court did not err in failing to grant Blankenship leave to amend his complaint.

**AFFIRMED.**