[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2008
THOMAS K. KAHN
CLERK

No. 08-13310
Non-Argument Calendar

_____

D. C. Docket No. 08-00516-CV-CAP-1

LAYON DEAN JEREMIAH,

Plaintiff-Appellant,

versus

JACK BURNETTE,
BUTCH CONWAY,
RODNEY K. MILES,
BRIAN W. WHITESIDE,
HERBERT ADAMS, JR.,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 22, 2008)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Layon Dean Jeremiah, a state prisoner and Jamaican citizen proceeding *pro se*, appeals the district court's dismissal of his complaint alleging claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1350. Jeremiah alleged that Georgia state officials violated his rights under Article 36 of the Vienna Convention on Consular Relations ("VCCR") when they arrested him in March 1998 because they failed to inform him of his right to contact Jamaican consular offices regarding his arrest. He further alleged that he was incarcerated based on an arbitrary and capricious conviction. The district court dismissed Jeremiah's complaint *sua sponte*.

On appeal, Jeremiah argues that: (1) the district court wrongly applied 28 U.S.C. § 1915A in dismissing his complaint; (2) the VCCR confers enforceable individual rights; (3) his § 1983 claim based on the VCCR is not time barred; and, (4) the district court erred by not providing him with an opportunity to amend his complaint before dismissing it. We affirm.

## DISCUSSION

We address the procedural issues before turning to the merits of Jeremiah's appeal.

2

I.

Jeremiah has not raised any argument on appeal regarding his claim that he was incarcerated pursuant to an arbitrary and capricious conviction. Consequently, we deem any argument relating to this claim to be abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

II.

Jeremiah argues that the district court erroneously dismissed his complaint because he fully paid the filing fee and is thus not proceeding *in forma pauperis*. 28 U.S.C. § 1915. Regardless, however, "[t]he [district] court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A(a). Because Jeremiah is a prisoner suing Georgia state officers, the district court properly applied § 1915A in dismissing Jeremiah's complaint.

III.  Jeremiah argues that the district court erred by denying him leave to amend his complaint. We have held that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314

3

F.3d 541, 542 (2002) (en banc), *overruling Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

We noted that *Wagner* "decide[d] and intimate[d] nothing about a party proceeding pro se." *Id.* at 542 n.1. Accordingly, Jeremiah argues that *Bank* applies here and that the district court erred by not allowing him to amend his complaint. However, "a district court may properly deny leave to amend . . . when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Since we find, for the reasons discussed below, that an amendment would have been futile, we find no reversible error in the district court's denial of leave to amend.

IV.

We now address the merits of Jeremiah's appeal. We review the district court's dismissal of a claim as frivolous for an abuse of discretion. *See Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). In reviewing a prisoner's civil action, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous . . . ." 28 U.S.C. § 1915A(b)(1). "A claim is frivolous if it is without arguable merit either in law or

4

fact." *Bilal*, 251 F.3d at 1349. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

Jeremiah argues that the district court erred by dismissing his claims as frivolous because "consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation." Vienna Convention on the Law of Consular Relations art. 36(1)(c), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Jeremiah argues that, under the VCCR, Georgia state officials had the duty to inform him of his right to communicate with Jamaican consular officers regarding his arrest. Jeremiah urges this Court to follow *Jogi v. Voges,* where the Seventh Circuit held that Article 36 "grants private rights to . . . aliens from countries that are parties to the Convention who are in the United States . . . ." 480 F.3d 822, 835 (7th Cir. 2007). The *Jogi* court found that those rights are "'presumptively enforceable by § 1983.'" *Id.* (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284, 122 S. Ct. 2268, 2276, 153 L. Ed. 2d 309 (2002)).

We have, however, concluded otherwise. *See,* e.g., *Gandara v. Bennett*, 528 F.3d 823 (11th Cir. 2008). In rejecting the *Jogi* court's reasoning, we noted that

5

"the Vienna Convention does not expressly provide for private damage actions. Instead, the plain words of the Treaty provide that the notification right shall be exercised, not that failure to notify should be compensated." *Id.* at 828 (citation and internal quotation marks omitted). To the extent that the VCCR confers legal rights and obligations, "the right to protect nationals belongs to *States* party to the Convention; no private right is unambiguously conferred on individual detainees such that they may pursue it through § 1983." *Id.*

Here, Jeremiah's § 1983 and § 1350 claims are private damage actions based on an alleged violation of the VCCR. And his claims are based on rights that we do not recognize as enforceable. *See id.* Accordingly, the district court did not err in dismissing Jeremiah's complaint as frivolous under 28 U.S.C. § 1915A. Nor did the court err in denying leave to amend the complaint because an amendment would have been futile. Because Jeremiah's claims were properly dismissed as frivolous, we do not address whether Jeremiah's § 1983 claim was time barred.

## CONCLUSION

After carefully reviewing the record and Jeremiah's brief, we discern no reversible error.

**AFFIRMED.**

6