[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10137
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61266-WPD

SILVIA LEONES,
on behalf of herself and all others similarly situated,

Plaintiff - Appellant,

versus

RUSHMORE LOAN MANAGEMENT SERVICES LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 24, 2018)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Silvia Leones filed a lawsuit against Defendant Rushmore Loan Management Services LLC for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Plaintiff's amended complaint alleges that Defendant furnished inaccurate information to credit reporting agencies about Plaintiff's mortgage account and improperly continued to do so after Plaintiff reported the inaccuracies to the credit reporting agencies and Defendant. The district court granted Defendant's motion to dismiss, finding that the information provided by Defendant to the credit reporting agencies was both accurate and complete. After careful review, we affirm.

## I. BACKGROUND

### A. Factual Background

In January 2005, Plaintiff executed an adjustable-rate promissory note in favor of Washington Mutual Bank, FA. Plaintiff and her husband executed a mortgage to secure payment of the note. Paragraph 22 of the mortgage is an acceleration provision permitting the lender to demand immediate payment in full of all sums secured by the mortgage upon default. Paragraph 19 of the mortgage gives Plaintiff the right to reinstate the mortgage after acceleration, provided that, among other things, she paid the lender all sums which then would be due under the mortgage as if no acceleration occurred.

2

In February 2016, Defendant's predecessor-in-interest filed a lawsuit in state court against Plaintiff to foreclose the mortgage.  The foreclosure complaint alleges that Plaintiff defaulted under the note and mortgage because she failed to make the payment due on March 1, 2011, and all subsequent payments.  In the foreclosure complaint, Defendant's predecessor-in-interest declared "the full amount payable under the Note and Mortgage to be due and payable."

Defendant began servicing Plaintiff's loan effective October 17, 2016.  Plaintiff obtained credit reports from credit reporting agencies TransUnion and Equifax in May 2017.  For Plaintiff's mortgage loan account, the TransUnion report states "Foreclosure initiated" and indicates that the account is 120 days delinquent beginning in January 2017.  The Equifax report similarly states "foreclosure process started Real Estate Mortgage" and also indicates the account is 120 days delinquent beginning in January 2017.  Plaintiff wrote TransUnion and Equifax and disputed the information provided by Defendant that appeared on her credit reports.  In her notices of dispute, Plaintiff maintained that Defendant could not report that Plaintiff had missed monthly installments after Defendant's predecessor-in-interest "accelerated the mortgage making all monthly payments under the note and mortgage, plus interest, due immediately."  Plaintiff stated that "the filing of the verified complaint to foreclose mortgage in February 2016, constitutes the date of acceleration, after which [Plaintiff] no longer had the ability

3

and/or obligation to make monthly payments to the furnisher of the consumer information at issue, [Defendant]."  Plaintiff alleges that the credit reporting agencies notified Defendant of the reported inaccurate information, but that Defendant failed to conduct a reasonable investigation and correct the inaccuracies despite her request.

### B.    Procedural History

On June 27, 2017, Plaintiff initiated this action on behalf of herself and all others similarly situated, seeking relief pursuant to the FCRA.  Plaintiff filed a first amended complaint on October 2, 2017.  Plaintiff asserted claims pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA for Defendant's willful or negligent violation of the obligations imposed by 15 U.S.C. § 1681s-2(b).  Plaintiff alleged that Defendant "inaccurately" reported to consumer reporting agencies, including TransUnion and Equifax, that her mortgage was "120 or more days delinquent and/or missed a monthly payment" for the period from January through July, 2017.  Central to Plaintiff's claim is her contention that "the filing of the [foreclosure complaint] constitutes the date of acceleration after which the Plaintiff no longer had the ability and/or obligation to make monthly payments to Defendant."  Plaintiff asserts that "[h]ad Defendant conducted a reasonable investigation and/or reinvestigation, Defendant would have verified that the mortgage and loan account had been accelerated and Plaintiff no longer had to [sic] option of making monthly

4

installment payments pursuant to the terms of the original Note and Mortgage, thereby rendering the Inaccuracies[1] being furnished by Defendant to the [credit reporting agencies] . . . incomplete and/or inaccurate."[2]  Plaintiff further alleges that, as a result of Defendant's failure to conduct a reasonable investigation, "[she], and others similarly situated, have suffered damage to their creditworthiness, impairment of their ability to rebuild and/or build their creditworthiness, impairment of their ability to obtain credit on favorable terms and/or obtain credit whatsoever, as well as other injuries, including without limitation, severe financial and emotional harm . . . ."

Defendant moved to dismiss Plaintiff's first amended complaint.  Defendant argued that Plaintiff's first amended complaint "should be dismissed because she concedes that she has not made any payments pursuant to the Mortgage since February 2016 and the exhibits attached to her [first amended complaint] establish that Rushmore accurately reported her mortgage loan as 120 days or more delinquent."  Defendant also argued that "Plaintiffs claim that she no longer had the 'ability and/or obligation' to make monthly payments following acceleration

---

[1]  Plaintiff's first amended complaint defines "Inaccuracies" as "inaccurate and/or incomplete information."  Plaintiff complains only about the reporting of her mortgage as "120 days or more delinquent and/or missed a monthly payment" as being inaccurate or incomplete.

[2]  Plaintiff did not allege that she had made, or attempted to make, any mortgage payments following the filing of the foreclosure action in February 2016.

does not allege a factual inaccuracy in Rushmore's reporting but instead asserts a legal dispute, which is insufficient to support a claim under the FCRA."

The district court agreed with Defendant, noting that "the reported information regarding Plaintiff's mortgage loan account – that it was 120 days or more delinquent and that foreclosure proceedings were initiated – was both accurate and complete."  The district court further found that "Plaintiff has alleged at best a legal defense to the debt, not a factual inaccuracy in Rushmore's reporting" and that "[t]his is an insufficient basis for her asserted FCRA claims" against Defendant.  The district court also concluded that "where the reported information was accurate and complete, Plaintiff cannot plausibly allege damages based on the furnisher's alleged failure to conduct a reasonable investigation or reinvestigation."  Accordingly, the district court granted Defendant's motion to dismiss with prejudice.

## II.    DISCUSSION

### A.    Standard of Review

"We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (per curiam).  "We are not, however, required to accept the labels and legal conclusions in the

complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint need only present sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678).

### B.    Plaintiff's Deficient Complaint

Plaintiff argues on appeal that the district court erred in granting Defendant's motion to dismiss her claims pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA for Defendant's willful or negligent violation of the obligations imposed by 15 U.S.C. § 1681s-2(b). As explained in our decision in *Hinkle*:

> The FCRA requires CRAs and entities that furnish information to CRAs ("furnishers" or "furnishers of information") to investigate disputed information. When a consumer disputes information with a CRA, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). As part of this investigation, the CRA is required to notify the person or entity that furnished the information that the information has been disputed. *Id.* § 1681i(a)(2). Upon receipt of this notice, the furnisher of information must: (1) "conduct an investigation with respect to the disputed information"; (2) "review all relevant information provided by the [CRA]" in connection with the dispute; and (3) "report the results of the investigation to the [CRA]."

7

> *Id.* § 1681s-2(b)(1).    Should the investigation determine that the disputed information is "inaccurate or incomplete or cannot be verified," the furnisher must "as appropriate, based on the results of the reinvestigation promptly . . . modify [,] . . . delete [or] permanently block the reporting" of that information to CRAs.    *Id.* § 1681s-2(b)(1)(E).    The CRAs must also delete or modify the information based on the results of reinvestigation.    *Id.* § 1681i(a)(5)(A)(I).

*Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016).

"Section 1681s-2(b) thus 'contemplates three potential ending points to reinvestigation:  verification of accuracy, a determination of the inaccuracy or incompleteness, or a determination that the information cannot be verified.'"  *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) (quoting *Hinkle*, 827 F.3d at 1301–02).  "A furnisher may verify that the information is accurate by uncovering documentary evidence that is sufficient to prove that the information is true, or by relying on personal knowledge sufficient to establish the truth of the information."  *Id.* (quotations omitted).

"The 'appropriate touchstone' for evaluating a furnisher's investigation under § 1681s-2(b) is 'reasonableness.'"  *Id*. (quoting *Hinkle*, 827 F.3d at 1301–02).  "[W]hat constitutes a 'reasonable investigation' will vary depending on the circumstances of the case."  *Id*.  "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, the question of whether the furnisher behaved reasonably will turn on whether the furnisher

acquired sufficient evidence to support the conclusion that the information was true." *Id*.

Here, no dispute exists that the reported information is accurate. Plaintiff does not dispute that her mortgage was in foreclosure as reported. Nor does Plaintiff allege, or otherwise contend, that she made payments on her loan after February 2016 that would render inaccurate the reporting of her loan as 120 days delinquent starting in January 2017. Plaintiff's claims cannot survive a motion to dismiss without some supportable allegation that the reported information is inaccurate or incomplete. As we explained in *Felts*:

> Regardless of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information. Absent that showing, a plaintiff's claim against a furnisher necessarily fails, as the plaintiff would be unable to demonstrate any injury from the allegedly deficient investigation. And, in turn, a plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.

*Felts*, 893 F.3d at 1313 (emphasis in original). Plaintiff failed to allege any facts Defendant could have uncovered that establish the reported information was, in fact, inaccurate or incomplete.

9

Plaintiff's allegation that Defendant's investigation of the alleged inaccuracy in her credit reports was unreasonable because "a reasonable investigation and/or reinvestigation . . . would have verified that the mortgage and the loan account had been accelerated and Plaintiff no longer had to [sic] option of making monthly installment payments" does not establish a viable claim.  Plaintiff's allegation depends on an incorrect legal conclusion and does not identify facts Defendant could have uncovered that reveal an inaccuracy in the reported information. Acceleration of the loan did not eliminate Plaintiff's loan payment obligations. Consequently, Defendant's reporting that Plaintiff was 120 days delinquent on her payment obligations during the period of acceleration was accurate, complete, and not misleading.  *See Felts*, 893 F.3d at 1312–19 (affirming district court's finding that plaintiff's FCRA claim against mortgage lender failed as a matter of law because the undisputed material facts demonstrated that lender's reporting of plaintiff's mortgage account as past due and delinquent during a forbearance plan was neither inaccurate nor materially misleading).  Plaintiff failed to make a threshold showing that a reasonable investigation could have uncovered an inaccuracy in the reported information.  *Id.*

Moreover, the loan and mortgage documents attached to Plaintiff's complaint contradict Plaintiff's assertion that she no longer had the ability to make monthly payments.  "A copy of a written instrument that is an exhibit to a pleading

10

is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c); *see also Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 n.4 (11th Cir. 2015) ("Appellant attached multiple exhibits to his complaint . . . and we treat those documents as part of the complaint for Rule 12(b)(6) purposes.").  "[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

Paragraph 19 of the mortgage agreement expressly permits Plaintiff to reinstate the mortgage and fulfill her loan obligations after acceleration by paying "all sums which then would be due under this Security Instrument and the Note *as if no acceleration had occurred.*"  Thus, up until foreclosure, Plaintiff had the ability to satisfy her loan obligations and continue monthly installment payments. *See Deutsche Bank Trust Co. Americas v. Beauvais*, 188 So. 3d 938, 947 (Fla. 3d DCA 2016) ("[D]espite acceleration of the balance due and the filing of an action to foreclose, the installment nature of a loan secured by such a mortgage continues until a final judgment of foreclosure is entered."); *Bartram v. U.S. Bank, N.A.*, 211 So. 3d 1009, 1020–21 (Fla. 2016) (finding that mortgagor retains the right under reinstatement provision to cure the default and to continue making monthly installment payments until foreclosure judgment entered in favor of lender). Acceleration of the loan does not justify an inference that Defendant failed to

11

conduct a reasonable investigation or that Defendant's report that the loan was 120 days delinquent was inaccurate, incomplete, or misleading because acceleration did not extinguish Plaintiff's loan obligations and her payments were in fact past due. *See Felts*, 893 F.3d at 1309 (holding that reporting of delinquent loan was not inaccurate as a matter of law where plaintiff failed to meet her payment obligations under the note even though plaintiff had made timely payments under a forbearance plan).

We reject Plaintiff's assertion that the district court improperly imposed "an extra-textual threshold requirement that a consumer prove a facially apparent factual inaccuracy at the pleadings stage of any claim pursuant to 1681s-2(b)." The district court applied a basic legal principle, not an "extra-textual" requirement. Dismissal is warranted as a matter of law because Plaintiff cannot plausibly allege damages based on Defendant's failure to conduct a reasonable investigation where the reported information was accurate and complete. *Felts*, 893 F.3d at 1313 (explaining that a plaintiff's claim against a furnisher necessarily fails absent a showing that the furnisher would have discovered that the information it reported was inaccurate or incomplete). Defendant accurately reported the facts and Plaintiff's legal contentions regarding her obligations after acceleration are unpersuasive. The district court properly dismissed Plaintiff's claims. *Id.*

12

We also agree with the district court that dismissal with prejudice is warranted. This is not a case where a more carefully drafted complaint might state a claim.[3] Moreover, Plaintiff did not seek leave to amend when confronted with Defendant's motion to dismiss. Plaintiff also did not seek relief under Rule 59(e) or Rule 60(b)(6) after the district court entered its order of dismissal to request leave to amend and address the concerns in the order. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) (noting that "[p]ost-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)."). "Nor was the district court in its order of dismissal under an obligation to *sua sponte* give Plaintiff[] leave to file a second amended complaint." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1075 (11th Cir.

---

[3] On appeal, Plaintiff argues that "[Plaintiff's] Post-Dispute Reports evidence issues of material fact unable to be determined upon Appellee's Rule 12(b)(6) Motion to Dismiss. Plaintiff points to various alleged discrepancies in the post-dispute credit reports provided by Experian, TransUnion, and Equifax as justifying an inference that Defendant failed to conduct a reasonable investigation. Plaintiff's first amended complaint does not contain any such allegations. Nor did Plaintiff present these arguments to the district court in response to Defendant's motion to dismiss or in a motion to amend Plaintiff's complaint. "As a general matter, 'issue[s] not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt.'" *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1156 (11th Cir. 2018) (quoting *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326–35 (11th Cir. 2004)). None of the limited exceptions to this general rule applies and we decline to address Plaintiff's new arguments. But even if we did consider Plaintiff's unpreserved arguments, they relate only to questioning the quality of Defendant's investigation and do not undermine our conclusion that Defendant's reporting of Plaintiff's loan as 120 days delinquent and under foreclosure during the relevant period was accurate and complete as a matter of law. *Felts*, 893 F.3d at 1313 (explaining that quality of investigation is immaterial absent showing that furnisher would have discovered that the information it reported was inaccurate or incomplete).

13

2017) (citing *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th

Cir. 2002) (en banc)).

## III.   CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district

court.