[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10961

Non-Argument Calendar

_____

SHARILYNE ANDERSON,
VERA MELNYK,

                                                    Plaintiffs-Appellants,

*versus*

GURMEET AHLUWALIA,
NIEL HESELTON,
DYNAMIC YACHT MANAGEMENT, L.LC,
DREAM HOLDINGS LTD,
NIGEL BURGESS INC, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60793-AHS

_____

Before WILSON, JORDAN, and BRASHER, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Sharilyne Anderson and Vera Melnyk appeal the district court's dismissal of their negligence claims against Defendants-Appellees Dynamic Yacht Management (Dynamic), Gurmeet Ahluwalia, Dream Holdings Ltd., Niel Heselton, and Nigel Burgess, Inc. (NBI) on shotgun pleading grounds and for failure to state a claim. We affirm the district court's order as to Defendants Dream Holdings and NBI. But we vacate and remand the district court's order as to Defendants Heselton, Dynamic, and Ahluwalia. Plaintiffs sufficiently pled negligence against Heselton and vicarious liability against Ahluwalia and Dynamic. Although the district court properly found that the complaint was an impermissible shotgun pleading, our precedent requires the district court to sua sponte grant a plaintiff leave to amend before dismissing with prejudice on shotgun pleading grounds. On remand, we instruct the district court to grant Plaintiffs leave to amend their negligence claims against Heselton and their vicarious liability claim against Dynamic and Ahluwalia.

## I.

As we are reviewing the district court's order granting a motion to dismiss, we accept the factual allegations of Plaintiffs' complaint as true. *Mesocap Ind. Ltd. v. Torm Lines*, 194 F.3d 1342, 1343 (11th Cir. 1999).

This lawsuit arises out of a chartered yacht excursion in the Bahamas. According to the complaint, a third party, known as the Charterer[1], contracted with Defendants Ahluwalia, Dream Holdings (the yacht owner), and NBI to charter a 196-foot luxury yacht called "DREAM." The yacht's website, owned and operated by Defendant Dynamic, represented that "[t]he experienced and highly professional crew will meet your every need and desire to ensure a magnificent voyage." Ahluwalia served as the registered agent for Dynamic as well as a point of contact with the yacht's captain, Heselton. Plaintiffs alleged that NBI, a yacht management company, served as one of the other managers of DREAM. According to Plaintiffs, Heselton seemed inexperienced with the geographic area, disobeyed orders, and led Plaintiffs on a dangerous journey through the open water, during which Plaintiffs were subject to treacherous conditions resulting in severe illness and emotional distress.

---

[1] The complaint does not identify the "Charterer." Plaintiffs were invited guests of the Charterer.

As a result of their unpleasant voyage, Plaintiffs sued Defendants for negligence (Count I), false imprisonment (Count II), and intentional infliction of emotional distress (Count III).[2]  Regarding Count I, Plaintiffs alleged that Heselton breached his duty of reasonable care by failing to safely operate and navigate the vessel.  Plaintiffs also alleged negligence against Ahluwalia, Dynamic, and NBI under a theory of vicarious liability for Heselton's torts and for their failure to properly train, hire, and supervise Heselton.

Defendants Ahluwalia and Dynamic answered the complaint by moving to dismiss for lack of jurisdiction and failure to state a claim.  Defendant NBI answered by moving to compel arbitration.  Defendant Dream Holdings answered by moving to dismiss for lack of personal jurisdiction and failure to state a claim.  Defendant Heselton did not answer the complaint nor file a responsive motion.

In an omnibus order, the district court dismissed all three counts, applying federal maritime law.  As to Count I, the district court found that it was an impermissible shotgun pleading because, among other things, it asserted two separate causes of action in a single count.  The district court also found that Count I failed to state a claim.  This timely appeal followed.

---

[2] Plaintiffs challenge only the district court's ruling on Count I.  They do not argue on appeal that the district court erred as to Counts II and III.

## II.

On appeal, Plaintiffs raise three issues: (1) whether the district court abused its discretion in finding their complaint was a shotgun pleading; (2) whether the district court erred in finding that Plaintiffs failed to state a negligence claim; and (3) whether the district court abused its discretion in refusing to grant Plaintiffs leave to amend. We address these issues in turn.

## A.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). Complaints violating these Rules are often called "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings can take various forms. *See id.* at 1321–23 (identifying four types of shotgun pleadings). "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. We "have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss

a complaint on shotgun pleading grounds." *Id.* Thus, we review a district court's dismissal of a complaint on shotgun pleading grounds for an abuse of discretion. *Id.* at 1294.

We hold that the district court did not abuse its discretion in finding that Plaintiffs' complaint was a shotgun pleading. Count I does not contain "a short and plain statement." Plaintiffs alleged negligence against five Defendants, alleged at least five types of negligence, and included at least twenty-six ways in which Defendants breached their duties owed to Plaintiffs. Therefore, the complaint violates Rule 8(a)(2).

The complaint also includes claims "founded on a separate transaction or occurrence" in the same count. Count I includes claims related to different instances of Heselton's negligence: failure to perform safety briefings before beginning the trip and failing to prudently navigate the yacht during the trip. It also includes claims against Heselton's employers for negligent hiring, which would be based on facts before the trip began. Therefore, the complaint violates Rule 10(b)(2).

The complaint also possesses the "unifying characteristic of all types of shotgun pleadings" by failing "to give the defendants adequate notice of . . . the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The complaint contains eighty-two paragraphs of facts before the Count I negligence claim. Count I incorporates all of those facts by reference, but does not clearly connect those facts to the various breaches by Defendants. This lack of clarity does not provide Defendants with sufficient notice.

Given the multiple deficiencies with the form of Plaintiffs' complaint, the district court did not abuse its discretion in dismissing Count I as an impermissible shotgun pleading.

**B.**

Plaintiffs also challenge the district court's determination that Count I failed to state a claim. We review de novo a dismissal for failure to state a claim. *Dukes Clothing, LLC v. Cincinnati Ins. Co.*, 35 F. 4th 1322, 1325 (11th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The district court found that Count I fails to "allege sufficient factual matter to allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged." We disagree in part. Plaintiffs have pled enough facts for Heselton's negligence and vicarious liability for Dynamic and Ahluwalia. As for Plaintiffs' negligence claims against Defendants Dream Holdings and NBI and Plaintiffs' claims for negligent hiring, training, and supervision against Dynamic and Ahluwalia, we agree with the district court that Plaintiffs failed to state a claim.

"In analyzing a maritime tort case, we rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d

1333, 1336 (11th Cir. 2012) (per curiam). "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Id.*

Plaintiffs pled that Heselton owed Plaintiffs a duty of reasonable care and a duty under the voyage charter to comply with the reasonable orders of the Charterer. The complaint is replete with facts alleging that Heselton refused to comply with such orders. Plaintiffs alleged at least three instances in which Heselton refused orders and subjected Plaintiffs to needlessly rough seas resulting in intense sickness and fear of capsizing. Plaintiffs also alleged that Heselton's noncompliance with orders was a proximate and direct cause of their injuries (intense sickness and distress). Taking these allegations as true, we find that they are enough to plausibly state a claim that Heselton was negligent in his operation of the yacht.

The complaint also has sufficient allegations that Defendants Ahluwalia and Dynamic are vicariously liable for Heselton's negligence. "[A]n employer is held liable to third parties for an employee's negligence under the doctrine of *respondeat superior.*" *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011). "[I]t is the employer's ability to control the employee that allows the law to hold an otherwise non-faulty employer vicariously liable for the negligent acts of its employee acting within the scope of employment." *Id.*

Plaintiffs alleged sufficient facts to show an employer-employee relationship between Heselton and Dynamic and Ahluwalia. They alleged that Heselton was hired by Dynamic "and/or" NBI and both Defendants had control over Heselton. They further alleged Ahluwalia served as the registered agent for Dynamic and was a main point of contact for Heselton during the trip. According to the complaint, Dynamic is believed to be one of the employment authorities over Heselton and provides the services of crew placement and training. Lastly, Plaintiffs sufficiently pled that all actions taken by Heselton were within the scope of his employment as the yacht's captain.

The complaint is unclear about NBI's role in the employment of Heselton, however. While the complaint includes facts showing that Ahluwalia and Dynamic had control over Heselton—Ahluwalia was a main point of contact and Dynamic provided crew placement services—there are no facts establishing that NBI had control over Heselton. Instead, the complaint provides only conclusory statements that NBI had control over Heselton. A mere recitation of the elements of a claim cannot alone state a plausible claim. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiffs fail to state a claim of vicarious liability as to Defendant NBI.

Plaintiffs also alleged negligent hiring, training, and supervision claims against NBI, Dynamic, and Ahluwalia. We agree with the district court that Plaintiffs alleged only the elements of the cause of action or stated legal conclusions for their negligent hiring, training, and supervision claims. As an example, one of the

allegations provides that Dynamic and Ahluwalia were negligent for "[f]ailing to competently hire, staff, or adequately train the captain and crew to safeguard passengers and guests." Plaintiffs lump several different types of negligence into one allegation and fail to point to specific facts supporting these claims. Plaintiffs' failure to clarify facts attributable to each Defendant for their negligent hiring, training, and supervision is fatal to their claim.

There is one Defendant we have yet to address: yacht owner Dream Holdings. We find that Plaintiffs fail to state a claim for negligence against Dream Holdings because they did not allege how Dream Holdings breached their duties owed to the Plaintiffs. In the opening paragraphs of Count I, Plaintiffs alleged that all Defendants owed a duty of reasonable care. The complaint then lists the specific breaches of Defendants Heselton, Dynamic, Ahluwalia, and NBI. Yet Plaintiffs did not allege the specific breaches for Defendant Dream Holdings, nor did they allege that Dream Holdings is vicariously liable for Heselton's negligence. Thus, even taking the allegations in the complaint as true, Plaintiffs fail to state a claim with respect to Dream Holdings.

## C.

Plaintiffs' last issue on appeal is whether the district court should have granted them leave to amend their complaint. In the Rule 12(b)(6) context, "[a] district court *is not required to* grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner*

*v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (emphasis added). A plaintiff requests leave to amend by filing a Rule 15(a) motion and either attaching a copy of the proposed amended complaint or describing the substance of the proposed amended complaint. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361–62 (11th Cir. 2006). Plaintiffs requested leave to amend only in a passing reference in their response to a motion to dismiss. Thus, they did not properly request leave to amend.

That said, our analysis does not stop there because a different rule governs the dismissal of a complaint on shotgun pleading grounds. "[W]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court *must* sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro*, 878 F.3d at 1296 (emphasis added).

If the district court had properly dismissed all of Plaintiffs' Count I negligence claims for failure to state a claim, then, under our rule in *Daewoo*, it would not have been required to sua sponte give Plaintiffs a chance to amend before dismissing with prejudice. But since Plaintiffs did state a claim for negligence against Heselton and for vicarious liability against Dynamic and Ahluwalia and the district court dismissed those claims on shotgun pleading grounds, our rule in *Vibe Micro* requires us to remand to the district court with instructions to allow Plaintiffs to amend those claims.

## III.

In sum, we affirm the district court's determination that Plaintiffs' complaint constitutes an impermissible shotgun pleading. We also affirm the district court's determination that Plaintiffs failed to state a claim for their negligence claims against NBI and Dream Holdings, as well as their negligent hiring, training, and supervision claims against Dynamic and Ahluwalia. However, we hold that Plaintiffs' complaint sufficiently states a negligence claim against Heselton and a vicarious liability claim against Dynamic and Ahluwalia for Heselton's negligence. We thus vacate the district court's omnibus order to the extent it found that Plaintiffs' complaint failed to do so. On remand, Plaintiffs can amend those claims.

**AFFIRMED** in part, **VACATED** and **REMANDED** in part.