[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12027
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-21334-MGC


ESTHER COLLAR,

Plaintiff - Appellant,

versus

WENDY RIVERA,
HENRY ELLIS,
PAMELA STOCKTON,

Defendants,

MICHAEL B. WILSON,
L. WILLIAMS, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2020)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Esther Collar -- proceeding before this Court through her appointed lawyer[1] -- appeals the district court's dismissal with prejudice of her pro se complaint against Defendants Michael Wilson and Lacary Williams.[2]  Defendants are employees of the Orlando Housing Authority ("OHA").  Briefly stated, Collar seeks to challenge the termination of her Section 8 Housing Voucher.  Reversible error has been shown; we vacate the judgment and remand for further proceedings.

Plaintiff initiated this lawsuit on 4 April 2018.  Plaintiff first filed her pro se complaint written entirely in Spanish.  The district court ordered Plaintiff to refile her complaint in English or to file an English translation of her complaint.  In compliance with the district court's order, Plaintiff refiled a pro se complaint written in English.

Plaintiff's pro se complaint is formatted like a letter and consists of five single-spaced pages of factual allegations:  with no enumerated paragraphs or

---

[1] Plaintiff moved unsuccessfully for appointment of counsel in the district court.  On appeal, this Court appointed Plaintiff appellate counsel.

[2] Plaintiff also purported to assert claims against employees of the United States Department of Housing and Urban Development ("HUD").  Plaintiff later dismissed voluntarily these defendants; the HUD defendants are not parties to this appeal.

2

separated claims set out. Although the complaint is in English, that Plaintiff has limited English proficiency seems clear. Plaintiff also attached documents to her complaint, including a document issued by HUD in connection with Plaintiff's earlier-filed administrative complaint against OHA.

Defendants moved to dismiss Plaintiff's complaint, which Defendants described as "near incomprehensible." Defendants asserted that Plaintiff's complaint failed to comply with Fed. R. Civ. P. 8(a) and 10(b): the complaint commingled improperly allegations against all Defendants "in a manner that creates uncertainty and confusion over which defendants are being accused of which actions." Nevertheless, Defendants construed Plaintiff's complaint as asserting a claim for unlawful discrimination under the Fair Housing Act, 42 U.S.C. § 3604(b) ("FHA"). Defendants asserted that Plaintiff's FHA claim was barred by the pertinent statute of limitations and that Plaintiff failed to state a claim for relief.

The district court granted Defendants' motion and dismissed with prejudice Plaintiff's pro se complaint. The district court construed Plaintiff's complaint as asserting the same FHA claims Plaintiff raised in the administrative complaint Plaintiff filed with HUD. The district court concluded that Plaintiff's FHA claims were time-barred and, thus, subject to dismissal.

Plaintiff moved for reconsideration of the district court's order of dismissal. In pertinent part, Plaintiff disagreed with the district court's characterization of the claims asserted in her complaint. The district court denied reconsideration. This appeal followed.

We review de novo the district court's dismissal of a complaint as barred by the statute of limitations. See Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007). In the context of a motion to dismiss, we accept as true the facts alleged in the complaint and construe them in the light most favorable to the plaintiff. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "Where a more carefully drafted complaint might state a claim, a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs). This chance-to-amend rule is true even when (as in this case) "the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal." See id. A district court need not grant leave to amend if amendment would be futile. Id.

4

To the extent Plaintiff's complaint can be construed as asserting a claim against Defendants for violation of the FHA, we agree -- and Plaintiff does not dispute -- that that claim is barred by the applicable statute of limitations. See 42 U.S.C. § 3613(a)(1) (providing a two-year statute-of-limitations for claims filed under the FHA).

We are unsure, however, that a more carefully drafted complaint could state no claim for relief. The complaint is difficult to understand. Still, Plaintiff appears to allege that rent payments to her landlord under the Section 8 Housing Voucher program were stopped before Plaintiff had a termination hearing. Accepting these allegations as true, Plaintiff -- if given the opportunity to amend -- might be able to make out a plausible claim under 42 U.S.C. § 1983 for violation of procedural due process: a claim subject to a four-year statute-of-limitations.

Given the obvious lack of clarity in Plaintiff's complaint and Plaintiff's later assertion in her motion for reconsideration that the district court had mischaracterized the nature of the claims raised in her complaint, the district court erred by not giving this pro se Plaintiff an opportunity to amend her complaint. See Bank, 928 F.2d at 1112-13 (granting leave to amend is appropriate when "the complaint simply is not specific enough to permit an accurate determination regarding whether a claim is stated."); see also Fed. R. Civ. P. 15(a) (courts "should freely give leave [to amend] when justice so requires.").

We vacate the judgment of dismissal and remand with instructions for the district court to grant Plaintiff leave to amend her complaint.

VACATED AND REMANDED.