[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13702

Non-Argument Calendar

_____

SANDRA RAMIREZ,

Plaintiff-Appellant,

*versus*

WALMART, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-22444-RNS

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Sandra Ramirez, proceeding with counsel, appeals the district court's order granting Walmart, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting: (1) she pled sufficient factual allegations to support plausible employment discrimination and retaliation claims under the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1), (7); and (2) she did not have an opportunity to amend her complaint before dismissal with prejudice. After review,[1] we affirm the district court.

## I.  DISCRIMINATION AND RETALIATION CLAIMS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint satisfies Rule 8 when it states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 does not require "detailed factual allegations," but requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

---

[1] We review a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

(quotation marks omitted).  At the motion to dismiss stage, a complaint raising a discrimination claim "need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation marks omitted).  "The complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case."[2]  *Id.* (quotation marks omitted).  This is because *McDonnell Douglas* provided "an evidentiary standard, not a pleading requirement," and "the prima facie case relates to the employee's burden of presenting evidence that raises an inference of discrimination," not to the threshold for surviving a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002).

The FCRA makes it unlawful for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment," because of that individual's sex or age. Fla. Stat. § 760.10(1)(a).  The anti-retaliation provision of the FCRA prohibits employers from "discriminat[ing] against any person because that person has opposed any practice which is an unlawful employment practice under [§ 760.10]."  *Id.* § 760.10(7).[3]

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[3] Title VII of the Civil Rights Act of 1964 (Title VII) makes the same discrimination and retaliation unlawful under federal law.  *See* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).  The Age Discrimination in Employment Act (ADEA) makes the same discrimination unlawful under federal law for employees who are at least 40 years old.  *See* 29 U.S.C. §§ 623(a)(1), 631(a).  The ADEA, like the FCRA, also prohibits employers from retaliating against an employee for

The district court did not err in granting Walmart's motion to dismiss Ramirez's complaint because she failed to allege facts supporting plausible inferences of discrimination and retaliation. *See Iqbal*, 556 U.S. at 678; *Surtain*, 789 F.3d at 1246; Fla. Stat. § 760.10(1), (7). As to her claims for age and gender discrimination, Ramirez solely relied on conclusory allegations, including that: (1) she "was terminated based on age discrimination and/or gender discrimination/sexual harassment"; (2) "[t]he discrimination of [Ramirez] by [Walmart] was on the basis of [her] age"; and (3) her "gender . . . was a motivating factor for [Walmart's] adverse conduct toward [her] and [her] termination." At most, Ramirez's allegations support an inference that Walmart's stated reasons for her termination—for not working on days a supervisor approved her to have off—may have been pretextual. Even assuming, *arguendo*, Walmart's reason was pretextual, Ramirez fails to provide any facts to support the further inference that her termination was based on or motivated by her age or gender. Indeed, Ramirez's age

---

opposing an unlawful employment practice. Fla. Stat. § 760.10(7); 29 U.S.C. § 623(d). "The Florida courts have held that decisions construing Title VII are applicable when considering claims under the [FCRA], because the [FCRA] was patterned after Title VII." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). "Age-related discrimination actions under the FCRA are analyzed under the same framework[] as the . . . ADEA." *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014). Although Title VII and the ADEA are not the same in all respects, the pleading requirements of the employment discrimination statutes are substantially the same. *See Swierkiewicz*, 534 U.S. at 514 (applying the same pleading standard to claims under Title VII and the ADEA).

discrimination allegations support a lack of discrimination, as her supervisor stated "she did not care how *old* Ramirez was." Thus, the district court did not err in concluding Ramirez's allegations contained "nothing more than legal conclusions and formulaic recitations of the elements of discrimination claims" and, in turn, Ramirez "failed to plead facts sufficient to indicate Walmart's treatment of her was motivated by discriminatory animus."

Additionally, the district court did not improperly hold Ramirez to the higher *McDonnell Douglas* framework[4] that would apply at the summary judgment stage. While the district court analyzed whether Ramirez's allegations could alternatively support a finding of circumstantial evidence of discrimination under the *McDonnell Douglas* framework, the court observed this was "one way Ramirez *could* establish her case," and the court was careful to note Ramirez was not required to establish a *prima facie* case at the motion to dismiss stage. Even under this alternative analysis, the district court did not err in finding Ramirez's allegations failed as she did not identify any comparators in her allegations. In her complaint, the closest Ramirez came to identifying a comparator was her allegation that "newly hired employees typically worked [the night] shifts." However, Ramirez did not explain whether these

---

[4] Under the *McDonnell Douglas* framework, a plaintiff can establish a *prima facie* discrimination case by showing: (1) she belonged to a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the job; and (4) the employer treated employees "similarly situated in all material respects" outside of her protected class more favorably. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21, 1224 (11th Cir. 2019) (*en banc*).

"newly hired employees" were younger or were of a different gender. Ramirez only alleged her supervisor stated "she did not care how *old* [Ramirez] was," which cuts against her age-based discrimination argument. Ramirez also alleged Walmart "failed to conduct an investigation [into] the sexual harassment" and subjected her to conduct as "the direct and proximate result of [her] gender," but she provided no factual allegations regarding Walmart's more favorable treatment of non-female employees, so she alleged no basis to plausibly infer she was treated differently than similarly situated individuals because of her gender. Thus, the district court did not err in analyzing Ramirez's claim under this alternative method, especially considering its independent finding Ramirez failed to state a plausible claim of either age or gender discrimination.

Furthermore, the district court did not err in finding Ramirez failed to allege facts supporting plausible inferences of retaliation. *See Iqbal*, 556 U.S. at 678; *Surtain*, 789 F.3d at 1246; Fla. Stat. § 760.10(7). In her complaint, Ramirez alleged two incidents of retaliation: (1) her supervisor writing her up following her report of sexual harassment to her manager; and (2) her termination following her scheduling complaint with Walmart's human resources department. However, aside from concluding that her supervisor wrote her up "clearly in retaliation for her complaints of discrimination and sexual harassment," Ramirez does not explain how her supervisor's action was related to her report of sexual harassment or even what she was written up for. Moreover, Ramirez failed to specify: (1) who she made her harassment complaints to; (2) who made the decision to terminate her; and (3) whether the

individual that terminated her was aware of her complaints. Instead, Ramirez made only general references to "Defendant," "Management," and "Human Resources." Thus, the court correctly concluded that Ramirez, in relying only on conclusory allegations, failed to support a retaliation claim.

Ramirez raised, for the first time in her response to Walmart's motion to dismiss, that "[u]ltimately the decisionmaker was a representative of Walmart Inc. already on notice of the treatment as was previously reported to Management." However, even if this allegation had been included in her complaint, Ramirez still fails to specify whether the individual who terminated her was aware of her complaints. Ramirez generally assumes that, as a representative of Walmart, this unnamed individual was "on notice of the treatment as was previously reported to Management." The district court correctly concluded that Ramirez's additional allegation, relying only on a "vague reference to a generic decisionmaker," was still "far too speculative" to support a retaliation. *See Iqbal*, 556 U.S. at 678; *Surtain*, 789 F.3d at 1246.

Finally, the district court did not err in discussing the elements needed to establish a *prima facie* case of retaliation in its analysis of Ramirez's retaliation claims. Like Ramirez's age and gender discrimination claims, the court used the *prima facie* case applicable at the summary judgment stage as an analytical guidepost to evaluate Ramirez's retaliation claims at the pleadings stage, but ultimately reviewed her complaint under the lower and correct

plausibility standard. Accordingly, we affirm the district court's dismissal of Ramirez's discrimination and retaliation claims.

## II.  DISMISSAL WITH PREJUDICE

"A district court is not required to grant a plaintiff leave to amend [her] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). This rule "satisfies the apparent purpose of the Federal Rules of Civil Procedure" and "is in line with the general rule . . . that issues not raised before the district court will not be considered on appeal." *Id.* at 542-43. Although not required to grant leave to amend, district courts have "broad discretion to allow pleading amendments even when a party does not formally request leave." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). "The key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (discussing a district court's dismissal of an amended complaint without leave to amend in the context of a shotgun pleading).

The district court did not abuse its discretion in rendering the dismissal with prejudice and not *sua sponte* granting leave to amend. *See Doe v. Emory Univ.*, 110 F.4th 1254, 1260 (11th Cir. 2024) (explaining a district court's denial of a motion to amend is reviewed for abuse of discretion); *Wagner*, 314 F.3d at 542. Neither party disputes Ramirez failed to request leave to amend.

Moreover, Ramirez does not argue the district court "applie[d] an incorrect legal standard, applie[d] the law in an unreasonable or incorrect manner, follow[ed] improper procedures in making a determination, or ma[de] findings of fact that [were] clearly erroneous." *Surtain*, 789 F.3d at 1244 (quotation marks omitted). Instead, Ramirez argues that, although not required to, the district court erred by not exercising its broad discretion to allow her to amend her complaint *sua sponte*.

Finally, Ramirez also had "fair notice of the defects and a meaningful chance to fix them," as Walmart requested in both its motion to dismiss and response to Ramirez's opposition to its motion to dismiss that the district court "dismiss the Complaint, with prejudice, [and] without leave to amend." *See Jackson*, 898 F.3d at 1358. However, as Ramirez concedes, she did not "amend[] as a matter of course or otherwise seek[] leave of court to amend," but instead chose to reply to Walmart's motion to dismiss. Moreover, in Ramirez's response to Walmart's motion to dismiss, she did not request leave to amend as her primary or alternative relief. Thus, the district court did not abuse its discretion in dismissing Ramirez's complaint with prejudice and without leave to amend. Accordingly, we affirm.

**AFFIRMED.**